IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALVIN CROOK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-06-642 |
| | * | |
| AGGREGATE INDUSTRIES, INC. | * | |
| | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

This action involves a claim under the federal Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, by Alvin Crook ("Plaintiff") against Aggregate Industries, Inc. ("Defendant"). Currently pending before the Court is Defendant's Motion for Summary Judgment [10], Defendant's Motion for Rule 37 Dismissal and Sanctions [11], and Plaintiff's Motion for Extension of Time [12]. The Court has reviewed the entire record, as well as the Pleadings and Exhibits with respect to the instant motions. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant Defendant's Motion for Summary Judgment and deny Defendant's Motion to Dismiss and For Sanctions.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a supplier of ready-mix and other concrete products and building materials in the Washington, D.C. metropolitan area, Northern Virginia, Maryland, and West Virginia. Plaintiff was employed by Defendant as a ready-mix truck driver from May 1999 to July 23, 2004. Plaintiff was a member of a bargaining unit of employees who were represented by Teamsters, Local Union No. 639 (the "Union"). The terms and conditions of Plaintiff's and other Union member's

1

employment were governed by a collective bargaining agreement ("CBA") between Defendant and the Union.  Under the CBA, employees are required to keep management informed of the nature of their absences and their availability to return to work from an absence.  If an employee fails to properly inform management, the employee is deemed to have voluntarily abandoned his job and is automatically terminated.[1]

On November 17, 2003, Plaintiff was injured as a result of an on-the-job accident.  Due to injuries resulting from the accident, Plaintiff was receiving Worker's Compensation benefits and payments and was out of work from November 17, 2003 to May 23, 2004.  During that time period, Plaintiff kept Defendant well-informed of his status and his availability, or not, to return to work.  On June 1, 2004, while on the job, Plaintiff informed his immediate supervisor that he was not feeling well and asked whether he could have the rest of the day off.  The supervisor responded in the affirmative.  Plaintiff did not return to work the next day, nor did he call into the office to seek any additional time off.  Defendant attempted several times to contact Plaintiff by phone, but received no answer or any response to phone messages.  On June 24, 2004, Plaintiff's supervisor wrote Plaintiff a letter warning Plaintiff that because the company had received no written documentation nor any contact from him, the company was forced to assume that he had abandoned

---

[1] The CBA between Defendant and the Union provided that
> the employment relationship shall automatically be terminated when an employee voluntarily quits, which shall be deemed to include (i) failure to notify the Company of the employee's intention to return to work after layoff, within three (3) working days, and to report to work within seven (7) working days (unless this latter period is extended in writing in advance by the Company) after the employee has been notified by certified mail (either by delivery or attempted delivery) at the employee's last address appearing on the Company's records to report to work; (ii) an absence from work for two (2) consecutive scheduled work days without reporting to the Company, unless excused by management.

his job.  Defendant received no response to the letter and on July 24, 2004, Plaintiff was terminated.

On February 15, 2006, Plaintiff filed this action in the Circuit Court for Prince George's County, Maryland, alleging a tort claim for wrongful termination in violation of Maryland's public policy prohibiting discharges made in retaliation of an employee filing a Worker's Compensation claim.  On March 9, 2006, Defendant removed the case to federal court on the grounds that Plaintiff had apparently stated a claim under the LMRA.  On March 28, 2006 Defendant filed its Answer to the Complaint and the instant Motion for Summary Judgment and Motion for Rule 37 Dismissal and Sanctions.

## STANDARD OF REVIEW

Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the nonmoving party's case.  *Celotex*, 477 U.S. at 325.  The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (internal citations omitted).  However, the party who bears the burden of persuasion on a particular claim must present legally sufficient evidence to support each element of his claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial."  To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists.  *See Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  While the evidence of the nonmoving party is to be

3

believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## **ANALYSIS**

A.  Defendant's Motion for Summary Judgment

Defendant removed this case to federal court on the grounds that Plaintiff's claim cannot be resolved except under Section 301 of the LMRA. *See* 29 U.S.C. § 185. Plaintiff has not filed any opposition to the removal. As such, this Court assumes jurisdiction over this action under the purview of federal labor law. The United States Court of Appeals for the Fourth Circuit has adopted a three-part test to apply in retaliatory cases. "Under that analysis, the plaintiff must show that he engaged in protected activity, that the employer took adverse action against him, and that the adverse action was causally connected to the plaintiff's protected activity." *Cline v. Wal-Mart Stores*, 144 F.3d 294, 301 (4th Cir. 1998) (citing *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989)). This Court has explicitly followed this three-part analysis. *See Glunt v. GES Exposition Servs.*, 123 F. Supp. 2d 847, 871 (D. Md. 2000). Here, in order to succeed on his retaliatory discharge claim, Plaintiff must prove that Defendant in some way violated the CBA between Defendant and the Union.

In Maryland, the tort of wrongful discharge is defined as willful termination in violation of a clear mandate of public policy. *See Adler v. American Standard Corp.*, 830 F.2d 1303 (4th Cir. 1987). Maryland recognizes the application of the wrongful discharge tort in the context of an alleged retaliatory discharge of an employee for claiming worker's compensation benefits. *Ewing*

*v. Koppers Co., Inc.*, 637 A.2d 1173 (Md. 1988). In order to prove such retaliatory discharge, Plaintiff must prove a causal connection between his claiming worker's compensation and the adverse employment action. *See J.D. Finch, Jr. v. Holladay–Tyler Printing, Inc.*, 56 A.2d 1275, 1278 (Md. 1991).

The Court must note here that Plaintiff has filed no response to Defendant's Motion for Summary Judgment. While Plaintiff's failure to respond does not necessarily equate to a judgment for Defendant, it does make it very difficult for Plaintiff to defend his claim. The Supreme Court has made clear that in order to defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Because Plaintiff has not come forth with any evidence other than the bald allegations in his Complaint, the Court is forced to decide Defendant's motion on Plaintiff's Complaint and the evidence produced by Defendant.

Based on the evidence before the Court, Plaintiff has not established the requisite causal relationship between his claiming of worker's compensation benefits and Defendant's termination of his employment. Particularly, Plaintiff has produced no evidence tending to show that Defendant breached the terms of the CBA. The CBA imposed upon Plaintiff the obligation of notifying Defendant of any absences and keeping Defendant informed of his status and availability to return to work after any absences. Here, Plaintiff left work on June 1, 2004 and neither returned to work nor informed Defendant of his status and availability to return to work for nearly two months. The CBA provided that an employee is deemed to have voluntarily quit if he is absent from work for merely two consecutive scheduled workdays. Defendant's decision to terminate Plaintiff after a near

two-month absence is squarely appropriate under the CBA.  Although it is not entirely clear whether Plaintiff was receiving worker's compensation benefits at the time of his termination, there is no evidence to suggest that his receipt of the benefits caused his termination.  On the contrary, based on the evidence before the Court, Plaintiff's extended absence coupled with no contact with or update to Defendant resulted in Plaintiff's termination.  Plaintiff's failure to produce any evidence of an essential element of his claim cripples his ability to defeat Defendant's motion for summary judgment.  As such, Defendant is entitled to judgment as a matter of law.

Assuming, *arguendo*, that Plaintiff is able to make out a prima facie case of retaliatory discharge, Defendant's motion for summary judgment will still defeat Plaintiff's claim.  In an action for retaliatory discharge, the plaintiff cannot survive summary judgment simply by establishing the prima facie case.  In a circumstantial case such as the one at bar, the court applies the familiar *McDonnell Douglas* burden shifting analysis.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under the *McDonnell Douglas* test, once the plaintiff has established the prima facie case, the burden shifts to the defendant to articulate a lawful, non-retaliatory reason for the adverse employment decision.  *See Williams*, 871 F.2d at 457.  If the defendant comes forth with a legitimate business reason, then the burden shifts back on the plaintiff to establish that the proffered explanation is pretextual.  *Id.*

Here, Defendant has articulated a legitimate reason for terminating Plaintiff's employment.  There can be no real dispute that an employer has a legitimate business interest in requiring reasonable notification of an employee's absence from work and availability or unavailability to return to work.  Plaintiff's two-month hiatus gave Defendant a justifiable reason for terminating his employment.  After having articulated a legitimate reason for terminating Plaintiff, the burden then

shifts to Plaintiff to produce evidence that Defendant's reason is merely a pretext. In order to meet this burden, Plaintiff must persuade the Court that an illegal reason "more than likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *see also Burns v. AAF-McQuay, Inc.*, 96 F.3d 728, 731 (4th Cir. 1996). Plaintiff has not brought forth sufficient evidence to persuade the Court that his receipt of worker's compensation benefits more than likely motived Defendant to terminate his employment. The only inkling of evidence the Court can find that may support a pretext argument in favor of Plaintiff is Plaintiff's response to Defendant's interrogatories in which Plaintiff baldy stated he left papers with his supervisor notifying Defendant of his status. However, Plaintiff did not inform Defendant of these papers at all during the two-month time period in which Defendant was trying to contact him. In fact, not until discovery did Plaintiff assert he had come to the work site one day and left papers for his supervisor. Further, in response to Plaintiff's assertion, Defendant has produced evidence that neither Plaintiff's supervisor, Ronnie Kane, nor Kane's secretary ever saw the papers supposedly left by Plaintiff. Plaintiff cannot create a genuine fact dispute with such legally insufficient evidence. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). As such, Plaintiff's claim cannot survive Defendant's motion for summary judgment.

B.    <u>Defendant's Motion for Rule 37 Dismissal and Sanctions</u>

In addition to its motion for summary judgment, Defendant also seeks dismissal of this action based upon Plaintiff's failure to prosecute this case, including conducting no discovery of Defendant and failing to show for Plaintiff's own deposition. Defendant seeks sanctions in the form of attorney fees for the costs incurred by Defendant as a result of Plaintiff's failure to prosecute. Plaintiff has

opposed Defendant's motion to dismiss and for sanctions on the grounds that Plaintiff's deficiencies are the result of Plaintiff's counsel's suspension from the practice of law. Because the Court will grant Defendant's motion for summary judgment, any decision on Defendant's motion for Rule 37 dismissal is now moot. As such, the Court will deny Defendant's motion to dismiss. On the issue of sanctions, the Court will exercise its discretion in denying Plaintiff's request for sanctions.

## **CONCLUSION**

For the reasons stated above, the Court will grant Defendant's Motion for Summary Judgment [10], and deny Defendant's Motion for Rule 37 Dismissal and Sanctions [11]. An Order consistent with this Memorandum Opinion will follow.

November 20, 2006  
Date

/s/  
Alexander Williams, Jr.  
United States District Judge

8